**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**KEITH F. HERVEY**                                                                                    **PLAINTIFF**

**VS.**                                                  **4:06CV01100-WRW**

**BUG MAN and
JJL's Inc.**                                                                                                    **DEFENDANTS**

## ORDER

Pending is Plaintiff's Motion to Enforce Settlement,[1] to which Defendants have responded.[2]

Plaintiff filed this personal injury case *pro se*. In February 2007, Plaintiff executed a release and settlement agreement,[3] and signed a Joint Motion to Dismiss.[4] The case was dismissed on February 22, 2007.[5] Before settling, Defendants filed a motion to dismiss[6] for lack of subject-matter jurisdiction. The motion was mooted when the parties voluntarily dismissed the case.

---

[1] Doc. No. 39 (Plaintiff's motion was originally titled "False Commitment.").

[2] Doc. No. 40.

[3] Doc. No. 40, Ex. A.

[4] Doc. No. 36.

[5] Doc. No. 37.

[6] Doc. Nos. 13.

**I. Background**

Plaintiff seeks to set aside the Order of Dismissal[7] because "we agree [*sic*] on the settlement for $250,000.00 not $2,500.00."[8] In response, Defendant offers the release, the joint motion, and an affidavit from the claims adjuster swearing that the parties agreed to settle the case for $2,500.00, Plaintiff understood the agreement, and voluntarily signed both documents.

**II. Authority**

    **A. Jurisdiction**

There is no ancillary federal jurisdiction to enforce settlements.[9] Moreover, the pleadings reveal that there is no diversity of citizenship[10] and, therefore, no federal subject-matter jurisdiction.

A federal district court may not dismiss a case on the *merits* if there is no subject-matter jurisdiction.[11] On the other hand, certain threshold issues may be taken up without a finding of subject-matter jurisdiction, provided that the issue is simple when compared with the issue of

---

[7]*Id.*

[8]Doc. No. 39.

[9]*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378 (1994) (holding that enforcement of a settlement agreement, is not a continuation of a dismissed suit, and requires its own basis for jurisdiction); *4:20 Communications, Inc. v. Paradigm Co.*, 336 F.3d 775, 778 (2003) (reaffirming district court's lack of jurisdiction to enforce settlements).

[10]Doc. Nos. 2, 12, 13, 20 (Plaintiff's complaint alleges that he is a resident of Arkansas, and Defendants answers allege that they are Arkansas Corporations doing business in Arkansas).

[11]*Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 101 (1998).

subject-matter jurisdiction.[12]  In *Ruhrgas*,[13] the Supreme Court noted that "[i]t is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits."[14]  The First Circuit has specifically held that a district court may approve a voluntary dismissal of a case without first deciding subject-matter jurisdiction.[15]

Finally, district courts have inherent power to manage their own affairs to achieve the orderly and expeditious disposition of cases.[16]

### III. Discussion

Plaintiff wants the order dismissing this case set aside because he contends that he did not agree to settle his claim for $2,500.00.  The written documents bearing his signature show otherwise.  The parties are seeking a judicial resolution of their dispute.

At the time of settlement, Defendants had filed the motion to dismiss and Plaintiff had asked for the appointment of counsel.  Before these motions were addressed, the case was dismissed by agreement of the parties, without a ruling on the merits.  Approving a voluntary dismissal is a threshold issue that can be addressed before reaching the merits of a case,

---

[12]*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999).

[13]*Id.*

[14]*Id.* at 585.

[15]*Puerto Rico Maritime Shipping Authority v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981); see also *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) (declining to apply the holding in *Leith* to a class-action case, because of the complicated nature of such cases and the requirements of Rule 23(e) of the Federal Rules of Civil Procedure)).

[16]*Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

especially when both parties agree.[17]  Moreover, approving a dismissal by agreement, is the most expeditious way to dispose of a pending case.

However, there is no jurisdictional basis to address any further issue in this matter. Without grounds for federal subject-matter jurisdiction, any dispute over the settlement contract must be resolved in an appropriate state court.[18]

## IV.  Conclusion

For the reasons stated above, Plaintiff's Motion to Enforce the Settlement (Doc. No. 39), and Defendants' Alternative Joint Motion to Enforce Settlement Agreement (Doc. No. 40) are DENIED.

IT IS SO ORDERED this 26th day of June, 2007.


                                                    /s/Wm. R. Wilson, Jr.
                                                    UNITED STATES DISTRICT JUDGE

---

[17] *Leith*, 668 F.2d at 50 (holding that district court has jurisdiction to approve a voluntary dismissal requested by only one party).

[18] *Paradigm*, 336 F.3d at 779.